IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RODERICK SLAY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:17-CV-0037 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

Petitioner RODERICK SLAY filed a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging his 1990 conviction in Cause No. 28,679-01 out of the 47th Judicial District Court of Potter County, Texas. For the reasons detailed below, the United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DISMISSED as time barred.

### I.
### PROCEDURAL BACKGROUND

Petitioner alleges he pleaded guilty in Cause No. 28,679-01 out of Potter County, Texas and on July 19, 1990 Judgment and a 30-year sentence were entered.[1] Petitioner stated he did not file a direct appeal.

---

[1] The TDCJ Offender Information Details page for petitioner shows the offense in Cause No. 28679-01 to be aggravated sexual assault.

## II.
## PETITIONER'S ALLEGATION

Petitioner contends the State of Texas is holding him in violation of the Constitution and laws of the United States because his trial counsel was ineffective because counsel, "led petitioner to plea guilty to an indictment in which the state never had jurisdiction over."

## III.
## THE PETITION IS NOT TIMELY FILED

Petitioner's 1990 conviction became final over one year before he filed his federal habeas petition. Petitioner did not attempt to "explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar [his] petition" as instructed by Question 26 on page 9 of the habeas corpus petition form.

While there are narrow exceptions to the one year limitations rule, petitioner has not shown the claim asserted concerns a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review or that any unconstitutional state action impeded the filing of his federal habeas petition. Petitioner's Judgment became final in 1990 and the instant petition is untimely.

Accordingly, it is the opinion of the undersigned Magistrate Judge that petitioner's federal habeas application be dismissed as time barred.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner RODERICK SLAY be DISMISSED as time barred.

# V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _13th_ day of April 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE


## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).